# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| CAROLYN BARNES | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-11-CA-414 LY |
| | § | |
| STATE OF TEXAS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

Before the Court are Petitioner Carolyn Barnes's applications for habeas corpus relief (Clerk's Doc. Nos. 1, 4). Barnes[1] also seeks leave to proceed in forma pauperis (Clerk's Doc. No. 2). The Court finds Barnes indigent and therefore GRANTS Barnes's motion to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Barnes's applications for writ of habeas corpus should be dismissed without prejudice.

## Background

According to Barnes, she is incarcerated in the Williamson County Jail. She is being held on criminal charges brought against her in Williamson County in Cause No. 10-663. Those charges are currently pending; she has not yet been convicted or sentenced.

---

[1] Barnes is a member of the Texas Bar. However, she has been declared incompetent in Texas state court—and she has an attorney for her pending state criminal case—but she is representing herself in this federal habeas petition.

She files the current petition for writ of habeas corpus by a person in state custody alleging a litany of complaints: the judge is biased against her; her attorney is not adequately representing her because he was hand-picked by the State; the State is selectively prosecuting her; the State is holding her without bail and subjecting her to inhumane conditions; the State has denied constitutionally required hearings; and the State deprived her of her Second Amendment rights by prohibiting her from possessing firearms. Before being found incompetent, Barnes's case was set for a jury trial on June 13, 2011. She requests the Court to release her from custody on her personal recognizance.

**Analysis**

It is well-established a state pre-trial detainee may challenge the power and authority of the State to bring her to trial and the constitutionality or lawfulness of her present confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as [Petitioner]'s are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

Under § 2241 "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973). The Supreme Court's discussion in *Braden* shows this distinction typically turns on the type of relief sought by a petitioner: "an attempt to dismiss an indictment or otherwise prevent a prosecution" is normally not attainable through a federal habeas corpus action, while "an attempt to force the state to go to trial" is, although a requirement of exhaustion of state remedies must be met. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Challenges to state court orders that denied release

on personal recognizance are also not normally heard in a federal habeas petition. *See Gipson v. Callahan*, No. 97-51021, 1998 WL 611740, at *1, (5th Cir. Aug. 25, 1998) (per curiam) (unpublished). Thus, absent "special circumstances" pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial. *Dickerson*, 816 F.2d at 224.

In the present case, Barnes readily admits that she has not been convicted in state court. The Court can find nothing in Barnes's applications for writ of habeas corpus that indicates "special circumstances" exist which would allow the Court to consider the merits of his claims before she has been tried. Moreover, Barnes is required to show that she is "in custody" and has exhausted her available state remedies in order to be eligible for habeas relief. *Braden*, 410 U.S. at 488–89; *Dickerson*, 816 F.2d at 224. In the present case, Barnes represents that she is in custody in the Williamson County Jail. However, she must also show that she has exhausted her state court remedies, which she has not done.[2] *See Braden*, 410 U.S. at 490.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Based on the information in the record, the state

---

[2]Although § 2241 does not contain an express exhaustion requirement, exhaustion is nevertheless required where pre-trial issues are concerned, under the theory that federal courts should abstain from interfering with matters that are pending in the state courts "if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489-92 (citations omitted)). Thus, an exhaustion requirement for petitions filed under § 2241 has been "judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden*, 410 U.S. at 490-91).

courts have not had the opportunity to consider or resolve the issues Barnes raises. The exhaustion requirement is obviated only if "special circumstances" exist, *see Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489), which the Court has already found is not the case in the present action. Therefore, absent a showing the highest state court with criminal law jurisdiction has been given a fair opportunity to consider Barnes's claims, comity requires this Court to defer.

In sum, Barnes's applications for federal habeas corpus relief must be dismissed because her claims are insufficient under *Braden* to justify federal habeas relief and because she has failed to exhaust state remedies. Pre-trial habeas relief is not available to consider her claims under the circumstances of this case, as federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Dickerson*, 816 F.2d at 229.

## RECOMMENDATION

It is therefore recommended that Petitioner's Applications for Writ of Habeas Corpus be dismissed without prejudice.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of June, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE